UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
Civil Action No. 1:23-cv-00114-LLK

JEREMY J.                                                                                                            PLAINTIFF

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security                     DEFENDANT

## MEMORANDUM OPINION AND ORDER

Plaintiff filed a complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying his claim for Social Security disability benefits. [Doc. 1]. Plaintiff's fact/law summary is at Doc. 15, and the Commissioner's fact/law summary is at Doc. 17. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. [Doc. 11].

Because Plaintiff's arguments are unpersuasive and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

## Procedural history

In October 2017, an ALJ issued an unfavorable decision. [Doc. 9 at 8-34]. Plaintiff sought judicial review, and this Court remanded the matter to the Commissioner for a new decision. *Jeremy J. v. Comm'r of Soc. Sec.*, No. 1:18-cv-00032-LLK, 2019 WL 360519 (W.D. Ky. Jan. 29, 2019). In August 2019, an ALJ issued an unfavorable decision. [Doc. 9 at 1396-1426]. Plaintiff sought judicial review, and this Court remanded the matter to the Commissioner for a new decision. *Jeremy J. v. Comm'r*, No. 1:20-cv-00162-LLK, 2022 WL 508894 (W.D. Ky. Feb. 18, 2022). In April 2023, an ALJ issued an unfavorable decision. [Doc. 9 at 2024-40]. Plaintiff seeks a third judicial review.

## The ALJ's decision

On April 11, 2023, the ALJ issued the Commissioner's final decision denying Plaintiff's disability claim. *Id.* at 2024-40. The ALJ found that Plaintiff was not disabled from June 5, 2014, when he alleges that he became disabled, and April 11, 2023, the date of the ALJ's decision. *Id.*

The ALJ's decision was based on the five-step sequential evaluation process, which applies in all Social Security disability cases.

First, the ALJ found that Plaintiff has not engaged in substantial gainful activity since June 5, 2014, when he alleges that he became disabled. *Id.* at 2026.

Second, the ALJ found that Plaintiff has the following severe, or vocationally significant, impairments: history of recurrent right inguinal hernia status-post mesh repair, left inguinal hernia, degenerative disc disease of the cervical and lumbar spine, bilateral carpal tunnel syndrome, complex regional pain syndrome (CRPS), anxiety, depression, alcohol abuse, cannabis dependence, and opioid abuse. *Id.* at 2026-27.

Third, the ALJ found that Plaintiff has no impairment satisfying the medical criteria of any impairment listed in Appendix 1 of the regulations. *Id.* at 2027.

As in any case that proceeds beyond Step 3, the ALJ determined Plaintiff's residual functional capacity (RFC), which is defined as the "most you can still do despite your limitations." 20 C.F.R. § 404.1545(a)(1). The ALJ found that, notwithstanding his impairments, Plaintiff can:

> … perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except he can sit or stand/walk in thirty-minute increments before needing to change positions, taking no more than a minute or two to change positions while staying on task. He can occasionally balance, stoop, kneel, crouch, and crawl … can occasionally climb ramps or stairs, but he can never climb ladders, ropes, or scaffolds. He can frequently handle, finger, and feel with the bilateral upper extremities and occasionally reach overhead with the bilateral upper extremities … must avoid concentrated exposure to vibrations and extreme cold and must avoid all exposure to dangerous machinery and unprotected heights … can understand, remember, and carry out simple and routine tasks and make simple work-related decisions … can tolerate few, if any, workplace changes and minimal variation in job duties day-to-day … can perform this work in two-hour segments across an eight-hour day … can have occasional contact with supervisors, coworkers, and the public.

*Id.* at 2028-29.

Fourth, the ALJ found that Plaintiff is unable to perform any past relevant work. *Id.* at 2038.

Fifth, the ALJ found that Plaintiff could perform a significant number of unskilled, sedentary jobs (with a sit-stand option) in the national economy such as hand polisher, assembler, and weight tester. *Id.* at 2039.

## Legal Standards

The task in reviewing the ALJ's findings is limited to determining whether they are supported by substantial evidence and made pursuant to proper legal standards. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is "more than a scintilla of evidence but less than a preponderance." *McGlothin v. Comm'r*, 299 F. App'x 516, 522 (6th Cir. 2008) (internal quotation omitted). The Court may not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citation omitted).

The substantial-evidence standard presupposes that there is a "zone of choice within which the decisionmakers can go either way, without interference by the courts." *Blakley v. Comm'r*, 581 F.3d 399, 405 (6th Cir. 2009). A reviewing court decides only whether substantial evidence supports the ALJ's decision. *Id.* If it does, the court affirms the decision even in the face of substantial evidence supporting the opposite conclusion. *Id.*

## Discussion

In March 2017, Plaintiff was examined at the request of the Commissioner by Edgar Lopez-Suescum, M.D. Dr. Lopez-Suescum indicated that, following inguinal hernia/mesh repair surgery, Plaintiff developed complex regional pain syndrome (CRPS) in the groin. [Doc. 9 at 1262]. Dr. Lopez-Suescum opined that the groin pain would likely limit Plaintiff to 1 hour (each) of sitting, standing, and walking per 8-hour workday, with "lay[ing] down at least 5 hours" during the remaining 5 hours. *Id.* at 1266.

Plaintiff's principal argument is that, in light of the opinion of Dr. Lopez-Suescum that his CRPS likely limits him to 1 hour of sitting per 8-hour workday, the ALJ's finding that he can perform sedentary work is not supported by substantial evidence. [Doc. 15].

Plaintiff's argument is unpersuasive because, upon a finding that CRPS is present, "all of the individual's symptoms must be considered in deciding how such symptoms may affect functional capacities." Social Security Ruling (SSR) 03-2p ("Evaluating Cases Involving Sympathetic Dystrophy Syndrome / Complex Regional Pain Syndrome"). The evaluation of the limiting effects of pain and other subjective symptoms is the same whether the pain is due to CRPS or some other cause. *Id.* (citing SSR 96-7p ("Evaluation of Symptoms in Disability Claims")). The Commissioner is not required to find a claimant's pain complains to be totally credible. *Id.*

The state of the present record is distinguishable from that which resulted in the first and second remands. The first remand resulted from the ALJ's rejection of Dr. Lopez-Suescum's findings, while ignoring his diagnosis of CRPS. The second remand resulted from the ALJ's finding that Dr. Lopez-Suescum's CRPS diagnosis was unsupported. Presently, the ALJ acknowledges Plaintiff's CRPS but finds that it does not preclude sedentary work. The finding lay within the ALJ's province and was in accord with SSR 03-2p. In this case, while substantial evidence did not support the ALJ's ignoring or rejecting Dr. Lopez-Suescum's finding of a medically determinable CRPS, once the ALJ acknowledged the CRPS, it was for the ALJ (not the court) to determine the limiting effects of that impairment based on the medical and non-medical evidence as a whole.

In reviewing the ALJ's second decision, the Court observed that it is unlikely that a third decision would result in an adequate lay basis for discounting Dr. Lopez-Suescum's CRPS diagnosis:

> As the above procedural history indicates, there have already been two ALJ decisions and one judicial remand in this case. Admittedly, it seems unlikely that a second remand for a third decision would result in the ALJ's identification of substantial lay (non-medical) reasons for rejecting Dr. Lopez-Suescum's diagnoses and medical opinions.

4

2022 WL 508894, at *5. But the third (present) decision did not add lay reasons for discounting Dr. Lopez-Suescum's CRPS diagnosis. While Plaintiff attempts to fault the third decision for not expanding the record to include a new consultative evaluation or testimony from a medical expert [Doc. 15], such was not required for the ALJ to give little weight to Dr. Lopez-Suecum's opinion that Plaintiff is limited to 1 hour of sitting per 8-hour workday.

Finally, Plaintiff argues that the ALJ erred in finding that he has severe, or vocationally significant, opioid abuse. [Doc. 15 referencing Doc. 9 at 2027]. There was no such error for the reasons explained in connection with the second remand decision:

> The ALJ found that Plaintiff suffers from severe, or vocationally significant, opioid abuse. ... This finding is supported by substantial evidence. For example, in 2016, after his third hernia repair, when he realized his pain was not getting any better, Plaintiff became depressed and attempted to commit suicide by overdose. ... In March 2017, after the first administrative hearing, licensed psychological practitioner Annette Freel, M.S., evaluated Plaintiff at the request of the Commissioner, and she diagnosed misuse of opioid medication.

2022 WL 508894, at *4. Additionally, Plaintiff has failed to explain how the ALJ's finding of an additional impairment harmed him. *See Shinseki v. Sanders*, 556 U.S. 396, 408-09 (2009) ("[T]he party that seeks to have a judgment set aside because of an erroneous ruling carries the burden of showing that prejudice resulted.").

## Order

Because Plaintiff's arguments are unpersuasive and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, the Commissioner's final decision is hereby AFFIRMED, and Plaintiff's complaint is DISMISSED.

February 13, 2024

Lanny King, Magistrate Judge
United States District Court